10-2553-cr
U.S. v. Steven Coren

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY  ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 27th day of September,  two thousand eleven,

Present:
>            ROSEMARY S. POOLER,
>            RICHARD C. WESLEY,
>            GERALD E. LYNCH,
>                    *Circuit Judges*.

---

UNITED STATES OF AMERICA,

>                    *Appellee*,

>            -v-                                        10-2553-cr

STEVEN COREN

>                    *Defendant-Appellant*.

---

Appearing for Appellant:    Vivian Shevitz, Brooklyn, N.Y.; Jane Simkin Smith (of counsel).

Appearing for Appellee:    David C. James, Sarah Coyne, Carolyn Pokorny (Assistant United
                States Attorneys); Rebecca K. Pyne (Trial Attorney, United States
                Department of Justice, of counsel) *for* Loretta E. Lynch, United
                States Attorney for the Eastern District of New York.

Appeal from the United States District Court for the Eastern District of New York (Vitaliano, *J.*).

**ON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Steven Coren, defendant-appellant, pleaded guilty to nine counts of mail fraud (18 U.S.C. § 1341), three counts of wire fraud (18 U.S.C. § 1343), two counts of money laundering (18 U.S.C. § 1956(a)(3)(B)), one count of money laundering conspiracy (18 U.S.C. § 1956(h)), and one count of obstruction of justice (18 U.S.C. § 512(c)(1)(2)). He was sentenced principally to 30 months' imprisonment. Coren now appeals from his June 24, 2010 judgment of conviction. On appeal, Coren asserts (1) that a state's interest in contractual compliance with prevailing wage laws is not proprietary and is thus not protectable under the mail and wire fraud statutes; (2) that the district court's rejection of his constitutional challenge to the prevailing wage statutes at issue should be vacated as unnecessary; and (3) that the district court abused its discretion in denying his motion to withdraw his guilty plea. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

In this appeal Coren argues that a state's interest in contractual compliance with prevailing wage laws is not proprietary and is thus not protectable under the mail and wire fraud statutes. He argues that the fraud counts of the superseding indictment therefore fail to state a federal offense. We have plainly held, however, that compliance with regulatory or legal regimes can be essential to a bargain, and thus "property" within the meaning of 18 U.S.C. §§ 1341 and 1343. *See, e.g.*, *United States v. Frank*, 156 F.3d 332, 335 (2d Cir. 1998); *United States v. Schwartz*, 924 F.2d 410, 420-421 (2d Cir. 1991). A properly instructed jury considering the charge in the indictment would have been entitled to conclude that a defendant who falsely reported compliance with prevailing wage laws as required by material provisions of his contracts in order to receive payment on those contracts executed a scheme to deprive the state of money or property within the meaning of the mail and wire fraud statutes. Coren thus pleaded guilty to an indictment properly making out a federal offense; we need go no further in determining what the outcome of a trial might have been.

Coren argues that the district court's rejection of his constitutional challenge to the prevailing wage statutes at issue should be vacated as unnecessary. Because we reject the argument that the indictment in this case failed to state a crime, nothing has rendered the district court's constitutional ruling unnecessary. This court then has no reason to disturb the district court's ruling and declines to do so.

Coren also contends that the district court abused its discretion in denying his motion to withdraw his guilty plea. He claims his plea was unknowing and involuntary because, among other reasons, his attorneys and the district judge failed to inform him of certain legal arguments and case law that, he now claims, would have caused him to reconsider whether to plead guilty. The record belies this argument. Transcripts of Coren's plea colloquy and allocution clearly reflect that, as required by Federal Rule of Criminal Procedure Rule 11(b)(1)(G), Coren understood the nature of the charges against him. District courts have broad discretion in deciding whether to allow a defendant to withdraw a guilty plea, and "[t]he fact that a defendant has a change of heart prompted by his reevaulation of either the Government's case against him or the penalty that might be imposed is not a sufficient reason to permit withdrawal of a plea." *United States v. Gonzalez*, 970 F.2d 1095, 1100 (2d Cir. 1992). Here, the record supports the district court's decision to deny Coren's withdrawal motion.

We have examined Coren's remaining arguments as presented in his 28(j) letter and find

them to be likewise unavailing.

Accordingly, the judgment of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk